ROBERT DAVIS WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 5365-94
United States Tax Court
T.C. Memo 1995-163; 1995 Tax Ct. Memo LEXIS 154; 69 T.C.M. (CCH) 2380; April 10, 1995, Filed *154 An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. Robert Davis Williams, pro se. For respondent: Charles Ruchelman. CARLUZZO
CARLUZZO
MEMORANDUM OPINION CARLUZZO, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction upon the ground that petitioner failed to file his petition within the time period prescribed by section 6213(a). [1] Hearings in this matter were conducted in Washington, D.C., on November 28, 1994, and February 22, 1995, in order to allow petitioner to support his claim that the notice of deficiency was not mailed to his last known address. Background
At the time the petition was filed, petitioner resided in Alexandria, Virginia. Petitioner filed a timely 1990 Federal income tax return *155 reflecting 8308 Oakford Drive, Springfield, Virginia 22152 as his address. Petitioner did not file Federal income tax returns for the years 1991, 1992, or 1993. Petitioner moved from the Springfield address in February of 1991. He never provided notice to respondent of his change of address. On March 24, 1993, a statutory notice of deficiency determining a deficiency in petitioner's 1990 income tax in the amount of $ 2,655 was issued to petitioner at the Springfield address listed on his 1990 return. This notice of deficiency was sent by certified mail as required by section 6212. Petitioner claims that he never received the statutory notice of deficiency (or a copy of it) until after he initiated his Tax Court proceeding, which he initiated in response to a collection notice. Subsequent to the November 28, 1994, hearing, the Court was contacted by the parties and advised that petitioner had additional evidence to submit in support of his claim that the March 1993 statutory notice of deficiency was not mailed to petitioner's last known address. A further hearing was conducted on this matter on February 22, 1995, where petitioner introduced into evidence a Form W-2 for the year *156 1991 reflecting his address at 5405 Duke Street, Alexandria, Virginia 22304 and a Form W-2 for the year 1992 also reflecting the Alexandria address. Petitioner claims that respondent should have been put on notice of his change of address as a result of respondent's presumed receipt of the aforementioned Forms W-2. During the February hearing, petitioner also presented evidence that at some point in time after March 30, 1993, he filed his 1992 Federal income tax return (reflecting his Alexandria, Virginia address), notwithstanding his statement during the November 28, 1994, hearing that he had not filed for the year 1992. Due to the date of the issuance of the statutory notice of deficiency, this apparent factual inconsistency need not be resolved in connection with the controversy involved in this proceeding. Discussion
With respect to the redetermination of the deficiency, the Court's jurisdiction depends upon the occurrence of two events. First, a valid notice of deficiency must be issued by respondent, and second, a timely petition for redetermination must be filed by the taxpayer in response to the issuance of such notice. Rule 13(a), (c); . *157 After determining a deficiency, the Commissioner is authorized pursuant to section 6212(a) to send a notice of deficiency to the taxpayer by certified or registered mail. The Commissioner is directed to mail such notice to the taxpayer at the taxpayer's "last known address". Sec. 6212(b). If the requirements of section 6212 are satisfied, actual receipt is immaterial. . The taxpayer then has a specified period of time (90 or 150 days, as appropriate) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of such deficiency. Sec. 6213(a). Neither the Internal Revenue Code nor the regulations promulgated thereunder define the phrase "last known address". The determination of the taxpayer's last known address for purposes of the issuance of a statutory notice of deficiency has largely been deemed to be a facts and circumstances test requiring the Commissioner to exercise due diligence in making such determination. . Generally a taxpayer's last known address is established *158 by reference to his most recently filed return (assuming the Commissioner had a reasonable time to process such return) prior to the issuance of the notice of deficiency. Such address, however, is not dispositive if respondent has timely received clear and concise notice of a change of address from the taxpayer. See . The taxpayer has the burden of proving that the notice of deficiency was not sent to his last known address. . The record in this case is clear that respondent's notice of deficiency was issued to the taxpayer's last known address, that being the address reflected on his 1990 return, which was his most recently filed return prior to the issuance of the notice of deficiency. Respondent was not required to mail the deficiency notice to the address listed on the Forms W-2 issued by petitioner's employers for the years 1991 and 1992 (if such information was even received by respondent). Such information does not constitute clear and concise notice of a change of address from that listed on petitioner's last filed return. *159 In this case it is undisputed that petitioner's last filed return as of the date that the statutory notice of deficiency was issued was his 1990 return. It is likewise undisputed that the address listed on petitioner's 1990 return was the address respondent used on the March 24, 1993, notice of deficiency. Petitioner had 90 days from March 24, 1993, to file a petition in response to the statutory notice of deficiency issued to him and mailed by respondent on that date. The petition in this case was not filed until March 30, 1994, which date misses the mark by a wide margin. For the foregoing reasons, respondent's Motion to Dismiss for Lack of Jurisdiction upon the ground that the petition was not filed within the time period prescribed by section 6213(a) will be granted. An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩